IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIABETES CENTERS OF AMERICA, | § | |
| INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-06-3457 |
| | § | |
| HEALTHPIA AMERICA, INC., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Diabetes Centers of America, Inc.'s

Motion to Dismiss Healthpia America, Inc.'s Counterclaims ("Motion to Dismiss")

[Doc. # 33], to which Healthpia America, Inc. ("Healthpia") filed a Response [Doc.

# 35].  Plaintiff neither filed a Reply nor requested an extension of time to do so.

Based on the Court's review of the full record in this case, including Healthpia's

Amended Counterclaim [Doc. # 16], and the application of governing legal authorities,

the Court **denies** the Motion to Dismiss.

## I.    BACKGROUND

Diabetes Centers of America, Inc. ("Diabetes Centers") is a full-service

treatment center for persons with diabetes.  Healthpia is a company that develops and

markets mobile healthcare devices.  One of Healthpia's primary devices, the

GlucoPhone, is a cell phone that can test and read a patient's glucose levels, store the test results, and transmit the test results to physicians or others designated by the patient.

Diabetes Centers filed this breach of contract lawsuit alleging that it ordered these "diabetic cell phones" from Healthpia, and that the phones were not delivered as required by the parties' written contract.

Healthpia filed a counterclaim alleging that it entered into joint development arrangement with Diabetes Centers to develop the GlucoPhones. Healthpia alleges that Diabetes Centers fraudulently induced it to enter into a contract under which Healthpia would make available to Diabetes Centers all of Healthpia's proprietary and confidential information on the GlucoPhone. Healthpia alleges that Diabetes Centers breached the contract; breached its fiduciary duty and its duty of good faith and fair dealing; engaged in fraud, fraudulent inducement, and negligent misrepresentation; interfered, intentionally and negligently, with Healthpia's prospective business relationships; and engaged in a "breach of confidence." Healthpia in its counterclaim also seeks an injunction under § 16.29 of the Texas Business and Commerce Code to prevent injury to Healthpia's business reputation.

Diabetes Centers moved to dismiss Healthpia's counterclaim, and Healthpia filed its response. The Court construes Healthpia's Response [Doc. # 35] as supplementing

the Amended Counterclaim.  Based on the allegations in the Amended Counterclaim,

as explained or supplemented by the Response, the Court denies the Motion to

Dismiss.

## II.    STANDARD OF MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure

is viewed with disfavor and is rarely granted.  *Manguno v. Prudential Prop. and Cas.*

*Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002).  The complaint must be liberally construed

in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.[1]

*Id*.  The district court may not dismiss a complaint under Rule 12(b)(6) "unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief."  *Id. (quoting Conley v. Gibson*, 355 U.S. 41, 45-46

(1957)).  Put differently, a claim is legally insufficient under Rule 12(b)(6) "only if

there is no set of facts that could be proven consistent with the allegations in the

complaint that would entitle the plaintiff to relief."  *Power Entertainment, Inc. v. Nat'l*

*Football League Prop., Inc.*, 151 F.3d 247, 249 (5th Cir. 1998).  The Court must

determine whether the complaint states any valid claim for relief in the  light most

---

[1]     The legal standards regarding pleading requirements and motions to dismiss are stated in
        terms of the plaintiff and the defendant.  When applied to counterclaims, the "plaintiff" refers
        to the counter-plaintiff, and the "defendant" refers to the counter-defendant.

favorable to the plaintiff and with every doubt resolved in the plaintiff's behalf. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

"The notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *St. Paul Mercury Insurance Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir. 2000). Rule 8(a) provides that the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8(e)(1) provides that the averments in a Complaint must be "simple, concise, and direct." FED. R. CIV. P. 8(e).

"The function of a complaint is to give the defendant fair notice of the plaintiff's claim and the grounds upon which the plaintiff relies." *St. Paul*, 224 F.3d at 434. "Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

## III.   ANALYSIS

### A.   Breach of Contract

The elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the

contract by the defendant; [and] (4) damages sustained as a result of the breach." *Winchek v. Amer. Express Travel Related Servs. Co., Inc.*, __ S.W.3d __, 2007 WL 1152647, *3 (Tex. App. – Houston [1st Dist.] Apr. 19, 2007); *see also Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App. – Houston [14th Dist.] 2006, pet. denied).

Healthpia alleges that Diabetes Centers breached three contracts with Healthpia: a Confidential Disclosure Agreement, a Term Sheet, and a Distribution and Services Agreement.  Healthpia alleges that the breach of these contracts caused it to suffer monetary damages.  These allegations are sufficient to state a breach of contract claim. The proper construction of and interrelationship among these three contracts is not the proper focus of a motion to dismiss and may be raised, if appropriate, in a motion for summary judgment following discovery.

### B.    <u>Breach of Fiduciary Duty/Duty of Good Faith and Fair Dealing</u>

"The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App. – Dallas 2006, pet. denied).  A fiduciary owes a duty of good faith and fair dealing. *See Crim Truck & Tractor v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 594 (Tex. 1992); *McConnell v. Ford & Ferraro, L.L.P.*, 2001 WL 755640, *3 (Tex.

App. – Dallas 2001, pet. denied).  Parties to a joint venture owe each other a fiduciary duty regarding their dealings within the scope of the joint venture.  *See Rankin v. Naftalis*, 557 S.W.2d 940, 944 (Tex. 1977).  Similarly, persons engaged in a joint venture, "or about to assume such relationship, owe to each other the utmost good faith and the must scrupulous honesty."  *Fitz-Gerald v. Hull*, 237 S.W.2d 256, 265 (Tex. 1951).

Healthpia alleges that it entered into a relationship with Diabetes Centers for the "joint development of the GlucoPhone."  This allegation, explained more fully in the Response, is that Healthpia and Diabetes Centers entered into the alleged joint venture to develop the GlucoPhone for their mutual benefit.  The existence of a joint venture, if proved by Healthpia after an adequate time for discovery, creates a fiduciary duty and a duty of good faith and fair dealing that Healthpia alleges Diabetes Centers breached.  Healthpia's allegations on this claim are sufficient to avoid dismissal.

### C.    **Fraud, Fraudulent Inducement, Negligent Misrepresentation**

Rule 9 of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant County Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).  In particular, the pleadings should "specify the statements

contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)). Rule 9(b) requires a plaintiff to allege the existence of facts sufficient to warrant the pleaded conclusion that fraud has occurred. *See In Re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994).

Healthpia, in its Amended Counterclaim as explained by the Response, identifies the "who, what, when, where, and how" necessary to satisfy the particularity requirements of Rule 9(b). Diabetes Centers' motion to dismiss these claims is denied.

### D.    Interference With Prospective Business Advantage

"[T]o recover for tortious interference with a prospective business relation a plaintiff must prove that the defendant's conduct was independently tortious or wrongful." *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001). This does not require the plaintiff to prove an independent tort, only to prove that "the defendant's conduct would be actionable under a recognized tort." *Id.* "The elements of negligent interference with prospective economic relations are the same as those for tortious interference, but with negligence replacing the element of intent." *Kinetic Concepts, Inc. v. Bluesky Med. Corp.*, 2005 WL 3068202,*4 (W.D. Tex. Nov. 1, 2005).

Healthpia alleges conduct by Diabetes Centers that was fraudulent and that breached duties owed to Healthpia.  Additionally, Healthpia alleges that the conduct interfered, either intentionally or negligently, with its prospective business relationships with other investors.  This satisfies the "notice" pleading requirements of Rule 8(a) and dismissal of these claims is not appropriate.  Whether Diabetes Centers had a legal justification for its actions is not the proper subject for a motion to dismiss and, if raised, will be addressed in a future motion for summary judgment.

### E.     Breach of Confidence

Texas courts recognize a cause of action for misappropriation of confidential information that is either secret or substantially secret.  *See Stewart & Stevenson Servs., Inc. v. Serv-Tech, Inc.*, 879 S.W.2d 89, 99 (Tex. App. – Houston [14th Dist.] 1994, writ denied).  Healthpia alleges that Diabetes Centers obtained its proprietary and confidential intellectual property and then, having done so, refused to perform its obligations under the parties' contractual arrangement and engaged in other misconduct to Healthpia's detriment.  Diabetes Centers' motion to dismiss this claim is denied.

### F.     Injury to Business Reputation

Section 16.29 of the Texas Business and Commerce Code provides that a "person may bring an action to enjoin an act likely to injure a business reputation or to dilute the distinctive quality of a [trademark or trade name], regardless of whether there

is competition between the parties or confusion as to the source of goods or services."
TEX. BUS. & COM. CODE § 16.29.   The statute clearly includes a claim for injury to
business reputation.  *See id.*; *Centrix Fin. LLC v. Capital Lending Strategies, LLC*,
2004 WL 1932872, *2 (N.D. Tex. Aug. 31, 2004).

Healthpia alleges that Diabetes Centers in engaging in conduct likely to injure
its business reputation by refusing delivery of GlucoPhones and filing baseless lawsuits
against Healthpia.   According to the allegations in the Amended Counterclaim, as
supplemented by the Response, these actions by Diabetes Centers injure Healthpia's
efforts to obtain investors.   Whether Healthpia can prove these allegations is not the
proper subject of a motion to dismiss.

## IV.    CONCLUSION AND ORDER

Healthpia, in its Amended Counterclaim and its Response to the Motion to
Dismiss, has satisfied the pleading requirements of Rules 8(a) and 9(b) of the Federal
Rules of Civil Procedure.  Accordingly, it is hereby

**ORDERED** that Diabetes Centers' Motion to Dismiss [Doc. # 33] is **DENIED**.

SIGNED at Houston, Texas, this 30th day of **April, 2007**.

Nancy F. Atlas
United States District Judge