# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DIABETES CENTERS OF AMERICA, INC., § § | | |
| Plaintiff, § § | | |
| v. § § § | CIVIL CASE NO. H-06-3457 | |
| HEALTHPIA AMERICA, INC., *et al.*, § § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss the Fraud, Piercing the Corporate Veil, and Negligent Misrepresentation Claims in the Amended Complaint ("Motion to Dismiss") [Doc. # 39] filed by Defendants Healthpia America, Inc. ("Healthpia") and Steven Kim, to which Plaintiff Diabetes Centers of America, Inc. ("DCOA") filed a Response [Doc. # 42], and Defendants filed a Reply [Doc. # 43]. Based on the Court's review of the full record in this case and the application of governing legal authorities, the Court **denies** the Motion to Dismiss without prejudice, but will require DCOA to file a Second Amended Complaint setting forth additional factual allegations to support the challenged claims.

## I.   BACKGROUND

DCOA is a full-service treatment center for persons with diabetes. Healthpia is a company that develops and markets mobile healthcare devices. Steven Kim is Healthpia's Chief Executive Officer. One of Healthpia's main products, the GlucoPhone, is a cell phone that can test and read a patient's glucose levels, store the test results, and transmit the test results to physicians or others designated by the patient.

DCOA filed this breach of contract lawsuit against Healthpia alleging that it ordered these "diabetic cell phones" from Healthpia, and that the phones were not delivered as required by the parties' written contract. Healthpia filed a counterclaim. DCOA also filed a state court lawsuit against Healthpia and Kim alleging a number of claims including fraud, negligent misrepresentation, and piercing the corporate veil based on fraud. The state court lawsuit was removed and consolidated into this case. DCOA then filed an Amended Complaint [Doc. # 36] combining the claims from its federal lawsuit and the claims from its removed state court lawsuit.

Healthpia has moved to dismiss DCOA's fraud, negligent misrepresentation, and piercing the corporate veil by fraud claims. The Motion to Dismiss has been fully briefed.

## II.   ANALYSIS

### A.   <u>Standard for Motion to Dismiss</u>

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id*. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).[1] A plaintiff is required, however, to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court may require "some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.* at 1967. The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

---

[1]   *Twombly* was decided under the less stringent Rule 8(a) standard for pleading.

## B. Fraud, Negligent Misrepresentation, and Piercing the Corporate Veil Based on Fraud

Rule 9 of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant County Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)). Rule 9(b) requires a plaintiff to allege the existence of facts sufficient to warrant the pleaded conclusion that fraud has occurred. *See In Re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994). Healthpia and Kim argue that DCOA has not satisfied the pleading requirements of Rule 9.[2]

---

[2] Healthpia and Kim also assert that DCOA has not suffered any injury from the alleged fraud and, therefore, has no standing. "To satisfy the standing requirement, a plaintiff must demonstrate: (1) an injury in fact; (2) that is traceable to the defendant's challenged conduct; and (3) is likely to be redressed by a favorable decision of the district court." *McCall v. Dretke*, 390 F.3d 358, 361 (5th Cir. 2004). DCOA satisfies the pleading requirements for standing by its allegation that it was injured by entering into the contract with Healthpia, a contract whose value was adversely affected by Defendants' fraud. Quantifying that alleged injury may be extremely difficult, but that difficulty does not at this stage require dismissal.

DCOA alleges that Healthpia and Kim represented in July 2006 that, to their knowledge, none of Healthpia's products infringed any other party's intellectual property rights. DCOA alleges that Healthpia and Kim "either knew such representations were false or made these representations recklessly, as positive assertions, and without knowledge of their truthfulness." *See* Amended Complaint, ¶ 16. The basis for this assertion in the Amended Complaint is that Healthpia received, approximately two months later, a letter from Health Hero Network, Inc. ("Health Hero"). In the letter, Health Hero disclosed that it has a total of 56 U.S. patents and mentioned that it has licensed other companies to use Health Hero's patented technology. Health Hero then suggested that Healthpia is "making, using and/or selling systems, services and products that may cause it to be very interested in such a license." *See* Health Hero Letter, Exh. D to Amended Complaint. Health Hero noted, however, that its "thinking may . . . change" as it obtained additional information regarding Healthpia's products.[3]

DCOA does not allege facts that indicate how the July 2006 representations by Healthpia and Kim, made to the best of their knowledge at the time, were false when made. DCOA seems to assert that the Defendants' representations were knowingly

---

[3] As of June 2007, approximately nine months after Health Hero's letter, no allegation of patent infringement has been lodged against Healthpia.

false simply because potentially conflicting information was received months later. DCOA's Amended Complaint contains only bald, conclusory statements that the representations regarding Healthpia's intellectual property rights were false, and that Healthpia and Kim knew so when they made them. These superficial allegations are insufficient. However, dismissal under Rule 12(b)(6) is not appropriate at this time because it is conceivable that DCOA may have information that Healthpia and Kim knew or had reason to know *when they made the representations regarding Healthpia's intellectual property rights* that Health Hero or some other company believed Healthpia's products were infringing. If so, and remembering its obligations under Rule 11 of the Federal Rules of Civil Procedure, DCOA shall include in a Second Amended Complaint allegations of the specific factual support for its assertions of the falsity of the representations and of Defendants' knowledge. Otherwise, the Court will dismiss these fraud-based claims.

### III. CONCLUSION AND ORDER

DCOA's Amended Complaint contains insufficient bald, conclusory statements of the elements of its claims of fraud, negligent misrepresentation, and piercing the corporate veil based on fraud. The Amended Complaint does not include adequate factual allegations to state fraud claims that are plausible on the face of the Complaint. Specifically, the Amended Complaint does not include a factual basis for

DCOA's allegation that the challenged representations were false when made or that Healthpia and/or Kim knew they were false at the time. Accordingly, it is hereby

**ORDERED** that DCOA shall file by **June 29, 2007**, a Second Amended Complaint setting forth specific factual allegations to support each element of the fraud, negligent misrepresentation, and piercing the corporate veil based on fraud claims. DCOA is reminded of its obligations under Rule 11 of the Federal Rules of Civil Procedure. It is further

**ORDERED** that Healthpia's Motion to Dismiss [Doc. # 39] is **DENIED WITHOUT PREJUDICE** to being reurged, if appropriate, in response to DCOA's Second Amended Complaint.

SIGNED at Houston, Texas, this **7th** day of **June, 2007**.

_____
Nancy F. Atlas
United States District Judge