**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DIABETES CENTERS OF AMERICA, INC., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL CASE NO. H-06-3457 | |
| § | | |
| HEALTHPIA AMERICA, INC., *et al.*, § | | |
| Defendants. § | | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Steven Kim's Motion to Dismiss "Claim VI: Contributory and Vicarious Infringement Against Defendant Kim" in the Second Amended Complaint ("Motion to Dismiss") [Doc. # 51]. Plaintiff Diabetes Centers of America, Inc. ("DCOA") filed a Response [Doc. # 59], and Defendants filed a Reply [Doc. # 61]. Based on the Court's review of the full record in this case, including Plaintiff's Second Amended Complaint [Doc. # 49], and the application of governing legal authorities, the Court **denies** the Motion to Dismiss.

**I.   BACKGROUND**

The background of this case has been set forth fully in prior decisions on earlier motions to dismiss. Briefly, DCOA is a full-service treatment center for persons with diabetes. Healthpia America, Inc. ("Healthpia") is a company that develops and

markets mobile healthcare devices. Steven Kim is Healthpia's Chief Executive Officer. One of Healthpia's main products, the GlucoPhone, is a cell phone that can test and read a patient's glucose levels, store the test results, and transmit the test results to physicians or others designated by the patient.

DCOA filed this breach of contract lawsuit against Healthpia alleging that it ordered these "diabetic cell phones" from Healthpia, and that the phones were not delivered as required by the parties' written contract. Healthpia filed a counterclaim. DCOA also filed a state court lawsuit against Healthpia and Kim alleging a number of claims including fraud, negligent misrepresentation, and piercing the corporate veil based on fraud. The state court lawsuit was removed and consolidated into this case. DCOA then filed an Amended Complaint [Doc. # 36] combining the claims from its federal lawsuit and the claims from its removed state court lawsuit.

In response to Defendants' Motion to Dismiss DCOA's Amended Complaint, the Court required DCOA to file a Second Amended Complaint. *See* Memorandum and Order [Doc. # 44]. In the Second Amended Complaint, DCOA abandoned its claim asking the Court to pierce Healthpia's corporate veil, but included its contributory infringement claim against Kim. Defendants filed their Motion to Dismiss, which has been fully briefed and is now ripe for decision.

## II.     STANDARD OF MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *See Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007). The plaintiff is obligated, however, to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

## III.    ANALYSIS

Defendants focus on Plaintiff's decision to abandon its "piercing the corporate veil" claim while including a "contributory infringement" claim. Plaintiffs also note correctly that the paragraphs in the Second Amended Complaint under the heading "Contributory and Vicarious Infringement" are fairly conclusory.

Plaintiff in its response, however, has cited to the exhibits to the Second Amended Complaint and has explained how the allegations and the exhibits adequately provide notice to Defendants of the basis for Plaintiff's contributory infringement claim. As a result, dismissal is not appropriate.

## IV.    CONCLUSION AND ORDER

DCOA, in its Second Amended Complaint, the exhibits thereto, and in its Response to the Motion to Dismiss, has satisfied the pleading requirements of Rules 8(a) of the Federal Rules of Civil Procedure.  Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 51] is **DENIED**.

SIGNED at Houston, Texas, this **17th** day of **August, 2007**.

_____
Nancy F. Atlas
United States District Judge